**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

DEC 16 2019

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10049 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-00966-CRB-1 |
| v. | |
| DANNY SAN NICOLAS, AKA Siete, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted December 11, 2019[**]

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

Danny San Nicolas appeals from the district court's judgment and

challenges one special condition of supervised release imposed upon revocation of

supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

San Nicolas first argues that the district court deprived him of due process

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by failing to give him advance notice of its intention to impose a special condition of supervised release permitting warrantless, suspicionless searches. However, given that the condition was imposed as a part of San Nicolas's original sentence, and was in effect during the revocation proceedings, "the record suggested the condition as a possibility before it was imposed," *United States v. Quinzon*, 643 F.3d 1266, 1269 (9th Cir. 2011) (internal quotations omitted), and San Nicolas was afforded adequate notice.

San Nicolas next contends that the district court had a heightened duty to explain its imposition of the suspicionless search condition, which it failed to satisfy. *See United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008) (condition involving a "significant liberty interest" requires more detailed explanation). However, San Nicolas provides no authority for his argument that a suspicionless search condition implicates the narrow class of significant liberty interests that trigger the heightened requirement. *See United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (condition that infringes a defendant's right to associate with an intimate family member implicates a significant liberty interest); *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008) (conditions that compel a person to take antipsychotic medication, or undergo penile plethysmograph testing or chemical castration implicate significant liberty interests). Further, contrary to San Nicolas's argument, the suspicionless search condition does not violate his

Fourth Amendment right to privacy. *See Samson v. California*, 547 U.S. 843, 857 (2006) (the Fourth Amendment does not prohibit suspicionless searches of parolees); *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) (finding "no sound reason for distinguishing parole from supervised release" and upholding a warrantless search condition of supervised release). Finally, the district court's reasons for imposing a suspicionless search condition are apparent from the record as a whole, which indicates that the condition was necessary and appropriate in light of San Nicolas's criminal history, his numerous violations of conditions of supervised release, the frequency of his contact with law enforcement, and the need to protect the public. *See* 18 U.S.C. § 3583(d); *Wolf Child*, 699 F.3d at 1089-90.

**AFFIRMED.**